# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEREMIAH P. TRAPP, <br>         Appellant, | DOCKET NUMBER <br> CH-315H-15-0343-I-1 |
|      v. | |
| DEPARTMENT OF VETERANS <br>      AFFAIRS, <br>         Agency. | DATE: September 28, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Britton Jobe</u>, Springfield, Esquire, Missouri, for the appellant.

<u>Thomas Kent Smith</u>, Esquire, North Little Rock, Arkansas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision with two modifications. First, we MODIFY the initial decision insofar as it characterized the appellant as a probationary employee and clarify that the appellant, who was in the excepted service, was not serving a probationary period. Second, we MODIFY the jurisdictional analysis under 5 U.S.C. § 7511 but still find that the appellant lacked a statutory right of appeal to the Board.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The record reflects that, effective April 20, 2014, the agency appointed the appellant, a nonpreference eligible, to an excepted-service position as a Social Worker, GS-0185-12, under the authority of 38 U.S.C. § 7401(3).[2] Initial Appeal File (IAF), Tab 7 at 31-32. The appellant's appointment was subject to completion of a 1-year initial trial period. *Id.* Prior to the end of the trial period, the agency informed the appellant that he would be terminated from his position effective February 20, 2015, due to unacceptable performance. *Id.* at 20-22. On February 19, 2015, the appellant resigned effective February 20, 2015. *Id.* at 19.

---

[2] The Standard Form 50s documenting the appellant's appointment and separation reflect that he was appointed to the excepted service. Initial Appeal File (IAF), Tab 7 at 18, 30-33. As discussed below, however, the appellant asserts on review that his appointment may have been in the competitive service.

¶3     On March 20, 2015, the appellant filed an adverse action appeal with the Board and requested a hearing.  IAF, Tab 1.  He characterized the adverse action as a termination from his competitive-service position during his probationary period and alleged that the agency had taken the action in retaliation for whistleblowing, subjected him to a hostile work environment on the basis of his gender, and failed to follow the procedures set forth in 5 C.F.R § 315.805 in effecting his termination.[3]  *Id.* at 4, 6.  The administrative judge issued orders on jurisdiction, advising that the Board generally lacks jurisdiction over terminations of a competitive-service employee during his probationary period and over voluntary actions, such as resignations, and ordered him to provide evidence and argument to establish Board jurisdiction over his appeal.[4]  IAF, Tabs 4, 9.  The parties responded to both orders.  IAF, Tabs 6-7, 10-11.

¶4     Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, explaining that the Board lacks jurisdiction over voluntary actions, such as resignations, and, even if the appellant could show that the agency subjected him to an appealable adverse action, he was not an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(C).[5]

---

[3] An agency that wishes to terminate a competitive-service probationary employee for preappointment reasons must follow the procedures of 5 C.F.R. § 315.805.

[4] The administrative judge notified the appellant of the requirements for proving jurisdiction over an appeal by an individual in the competitive service under 5 U.S.C. § 7511(a)(1)(A).  IAF, Tab 4.  As discussed below, however, the appellant was appointed to an excepted-service position and, as a nonpreference eligible, the Board's jurisdiction over his appeal is governed by 5 U.S.C. § 7511(a)(1)(C).  Nonetheless, this adjudicatory error provides no basis to disturb the initial decision because the administrative judge set forth the correct jurisdictional burden in the initial decision, thus affording the appellant the opportunity to meet his jurisdictional burden in his petition for review.  IAF, Tab 12, Initial Decision (ID) at 3; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

[5] In the initial decision, the administrative judge referred to the appellant as a probationary employee and found, in part, that he lacked Board appeal rights because he was separated during his probationary period.  ID at 4, 6.  The term "probationary period" refers to the first year of service of most employees who are given career or career-conditional appointments in the competitive service.  *See Calixto v. Department*

IAF, Tab 12, Initial Decision (ID) at 3-5. She also found that the appellant, as an excepted-service appointee, did not have a right to the procedures set forth at 5 C.F.R. § 315.805 or to appeal his termination on the grounds that it was taken for preappointment reasons because those regulatory rights apply only to individuals in the competitive service. ID at 4. Lastly, the administrative judge found that the Board lacked the authority to consider the appellant's discrimination claims or affirmative defenses absent an otherwise appealable action, and that there was no evidence that he had exhausted his administrative remedy with the Office of Special Counsel (OSC) as to provide the Board with jurisdiction over his whistleblowing claim as an individual right of action appeal. ID at 5-6.

¶5      The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9 (Fed. Cir. 1985). Chapter 75 of Title 5 grants the Board jurisdiction to hear appeals of certain enumerated adverse actions, including removals, taken by an agency against an employee. 5 U.S.C. §§ 7512, 7513(d); *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008). An employee's voluntary action, such as a resignation, is generally not appealable to the Board. *Parrott*, 519 F.3d at 1332. An involuntary resignation, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75. *Id*. Nonetheless, even if an individual is subjected to an appealable adverse action, only an "employee," as defined under section 7511, can appeal the adverse action to the Board. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009). The appellant has the burden

_____

*of Defense*, 120 M.S.P.R. 557, ¶ 14 (2014); *see also* 5 C.F.R. § 315.801. We therefore modify the initial decision to clarify that the appellant, who was appointed to the excepted service, was not serving a probationary period.

of proof on the issue of jurisdiction, and, when he makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006); 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7        As noted above, the administrative judge found that the appellant had failed to nonfrivolously allege that his resignation was involuntary because the mere fact that an employee is faced with the unpleasant alternatives of resigning or being terminated does not make his resulting resignation an involuntary act. ID at 3-4 (citing *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)). On review, the appellant argues that the Board has jurisdiction over this termination appeal because he submitted his resignation letter *after* the agency already had decided to terminate him. PFR File, Tab 1 at 5. Specifically, he contends that he was terminated on February 12, 2015, the date of the memorandum informing him that he would be terminated effective February 20, 2015, and that he did not resign until February 20, 2015. *Id.*; *see* IAF, Tab 7 at 20-21. We find no merit to this argument. First, the relevant date of a personnel action is the effective date, and the date the agency decided to take the action is immaterial to the effective date of the termination. *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶¶ 10-11 (2013). Second, the fact that an employee resigns effective the same date as the effective date of his termination does not, by itself, establish that his decision to resign was involuntary. *See, e.g.*, *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶¶ 2, 9, 13 (2009). As such, we discern no basis to disturb the administrative judge's finding that the appellant failed to show that his resignation was involuntary.

¶8        Even if the appellant was subjected to an appealable adverse action, the administrative judge determined that the Board still would lack jurisdiction over his appeal "because a terminated probationary employee has no statutory right of appeal to the Board." ID at 4. As noted above, however, the appellant, who was

in the excepted service, was not a probationary employee. Further, the dispositive issue for jurisdictional purposes is not whether such an individual is a probationer; rather, it is whether he is an "employee" within the meaning of 5 U.S.C. § 7511. *See, e.g.*, *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). To meet the definition of "employee" under section 7511 for purposes of Board appeal rights, a nonpreference-eligible excepted-service appointee, such as the appellant, must: (1) not be serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) have 2 years of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii). Here, there is no indication, and the appellant does not allege, that he held an initial appointment pending conversion to the competitive service. *See* IAF, Tab 7 at 31. Further, it is undisputed that, when he resigned, the appellant had less than 2 years of current continuous service. *See id.* at 18, 31. The record shows that he was appointed in April 2014, and was terminated approximately 10 months later, in February 2015. *Id*. As such, we agree with the administrative judge that the appellant had no statutory right of appeal but modify the analysis consistent with this paragraph.

¶9        The administrative judge also found that the appellant was not entitled to the procedural protections of 5 C.F.R. § 315.805 or to appeal his termination for preappointment reasons under 5 C.F.R. § 315.806 because these rights only apply to individuals in the competitive service. ID at 4-5. On review, the appellant argues that he "may have been" in the competitive service and, accordingly, "may have been" entitled both to the procedural protections of 5 C.F.R. § 315.805 and to appeal his termination for preappointment reasons. PFR File, Tab 1 at 6-7. He asserts that he nonfrivolously alleged that he was appointed to the competitive service by marking "competitive service" on his initial appeal form and that the administrative judge erred by failing to afford him an evidentiary hearing to determine the nature of his appointment. *Id*. at 5-6. As discussed below, we find

no merit to the appellant's argument that he was appointed to the competitive service or that he was entitled to an evidentiary hearing on the matter.

¶10    Certain medical positions in the Veterans Health Administration are governed by Title 38.  Those positions are specifically identified in 38 U.S.C. § 7401(1) through (3).  Section (3) covers a wide range of medical positions, including social workers.  As reflected on the appellant's Standard Form 50s, the agency appointed him to a position as a Social Worker under the authority of 38 U.S.C. § 7401(3).  IAF, Tab 7 at 31.  All positions identified in 38 U.S.C. § 7401 are in the excepted service.  *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245, ¶ 11 (2010).  As such, there is no basis to find that the appellant was appointed to the competitive service.  Moreover, the appellant acknowledged below that he was appointed to an excepted-service position and offered to submit an amended initial appeal form reflecting the correct appointment type.  IAF, Tab 6 at 5.  Accordingly, we agree with the administrative judge that the appellant was appointed to an excepted-service position and, thus, was not entitled to the procedural protections of 5 C.F.R. § 315.805 or to appeal his termination for preappointment reasons.  ID at 4-5.

¶11    Finally, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's finding that the Board lacks the authority to hear his discrimination and retaliation claims absent an otherwise appealable action or to hear his whistleblowing claim absent evidence that he has exhausted his claim before OSC.[6]  *See* PFR File, Tab 1 at 7.

---

[6] The administrative judge afforded the appellant mixed-case review rights.  ID at 10-11.  However, in the absence of Board jurisdiction, this is not a mixed case.  We have provided the appellant the proper review rights here.  *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, 614-15 (2009).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.